UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY JEROME ROBINSON,

    Petitioner,

v.

                                                Case No.: 8:11-cv-1104-T-24-TGW
                                                Case No.: 8:06-cr-221-T-24MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

This cause comes before the Court on Petitioner Jerry Jerome Robinson's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255, and memorandum of law filed in support of the motion. (Civ. Doc. Nos. 1, 2; Cr. Doc. Nos. 25, 26.) Because review of the motion and the file in the case conclusively show that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

**I.**     **Background**

On August 24, 2006, Petitioner pled guilty to Count One of the Indictment, which charged him with being a felon in possession of a firearm, in violation of 21 U.S.C. §§ 922(g)(1) and 924(e). (Cr. Doc. No. 18.) Petitioner was sentenced on November 29, 2006 to 180 months imprisonment. The judgment was entered against Petitioner the following day, on November 30, 2006. (Cr. Doc. No. 22, 23.) He did not file a direct appeal. More than four years later, on May 18, 2011, Petitioner mailed the instant § 2255 motion to the Clerk for filing.

**II.     Discussion**

Petitioner contends that his sentence was imposed in excess of the statutory maximum, in violation of his right to due process. However, because his petition is untimely, it must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)). Petitioner did not appeal his conviction. His conviction became final when the time for filing an appeal expired. *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000). For federal prisoners, the time for filing a direct appeal expires 14 days after the written judgment of conviction is entered on the criminal docket. Fed. R. App. P. 4(b)(1)(A)(i) and 4(b)(6). The judgment against Petitioner was entered on the criminal docket on November 30, 2006. Therefore, Petitioner's conviction became final on December 14, 2006.

Petitioner had one year from December 14, 2006 in which to file his § 2255 motion, or December 14, 2007. Petitioner, however, did not file the instant motion until May 18, 2011. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (ruling that a pro se

2

prisoner's § 2255 motion is deemed to be filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it).

The motion is therefore time barred unless Petitioner can show that he was prevented from filing a timely petition because of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Petitioner has not presented any argument to establish that extraordinary circumstances prevented him from timely filing his petition, and therefore, he has not met this burden. As a result, Petitioner's § 2255 motion is untimely and must be denied.

Petitioner argues that his sentence was imposed in excess of the statutory maximum, which he contends was ten years. The Court rejects this argument. Petitioner was convicted and sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), which provides a mandatory minimum 15 year sentence for a defendant who is convicted under 18 U.S.C. 922(g)(1), and who has three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. 924(e)(1). The maximum penalty under this provision is life imprisonment–not 10 years imprisonment, as Petitioner contends. Therefore, Petitioner's argument that his 15 year sentence exceeded the statutory maximum lacks merit.

Finally, the cases that Petitioner cites in his memorandum do not support his petition because they are legally and factually distinguishable, *see United States v. O'Brien*, __ U.S. __, 130 S. Ct. 2169, 176 L. Ed. 2d 979 (2010); *Gilbert v. United States*, No. 09-12513, 2011 U.S.

App. LEXIS 10157 (11th Cir. May 19, 2011), *United States v. Watts*, 159 Fed. Appx. 923 (11th Cir. 2005), or because they have no precedential value, *see Hunter v. United States*, 559 F.3d 1188 (11th Cir. 2009), *vacated,* 130 S. Ct. 1135 (2010).

### III.    Conclusion

Accordingly, Petitioner's motion to vacate sentence is **DISMISSED**. The clerk is directed to close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA").  *Id.*   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of June, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner